DeBlanc, J.
I concur in the views of Mr. Justice Egan as regards the invalidity of the sequestration resorted to by plaintiffs, and — in my opinion' — their injunction is as invalid as their sequestration, in so far as they interfere with the suits already brought in the Justice’s Court.
The relief to which plaintiffs consider that they are entitled, may be granted by, and should have been asked from the court in whose jurisdiction the aforesaid suits are pending. That jurisdiction cannot — le *79 gaily — be invaded by the process of another Court, for the manifest purpose of suspending, embarrassing or preventing the trial of an already commenced and progressing litigation.
Had plaintiffs appeared in the Justice’s Court'and there asserted ■their, right..to .the. possession-of >the 38 .nates sued-upon by-defendants, from the date of their demand not one of those notes could have been withdrawn from the files of that court without their consent. Their appearance in that jurisdiction would have secured every advantage which they could hope to gain by an order of sequestration obtained in •another Court.
The Judge who has the undenied jurisdiction of a suit on a note, cannot be ordered by another judge to suspend his proceedings, until the latter ascertain whether the holder of said note is entitled to its possession. That question should be presented to and determined by the Court first seized of jurisdiction, on application of either the sued drawer of the note, or of those from whose possession it was unlawfully taken.
I respectfully dissent from the views and decree of the majority.